Argued February 6, reversed with instructions March 7, 1951

# WEBER, Adm'r *v.* Te SELLE, Adm'r
## 228 P. 2d 796

*George A. Rhoten,* of Salem, argued the cause for appellant. With him on the brief were Herbert W. Carter and Rhoten & Rhoten, both of Salem.

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and WARNER, Justices.

## LATOURETTE, J.

This is an action for damages for the wrongful death of Bernice Betty Weber, a guest, arising out of an automobile accident. The complaint is predicated on gross negligence and reckless disregard of the rights of others on the part of defendant's decedent, Thomas Drake, the driver of the automobile in which Mrs. Weber was riding, in that defendant's decedent "drove and operated his automobile at a speed which was greater than was reasonable and prudent" and "failed to keep and maintain his automobile under control." Plaintiff obtained a judgment based on the verdict of the jury in the sum of $4,833.33. The trial court on motion granted defendant judgment notwithstanding verdict on the grounds of insufficiency of evidence of gross negligence. Plaintiff appeals from such judgment.

The statute to be considered is § 115-1001, O.C.L.A., which follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment

for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■ In many decisions of this court brought under such statute, we have attempted to define gross negligence inasmuch as the statute itself contains no definition of what constitutes gross negligence in the operation of an automobile. No standard definition applicable to all cases has been or can be discovered. In the recent case of *Rogers, Administrator of the Estate of Betsey Lou Rogers, v. Southern Pacific Co. et al, and McKenzie,* decided on February 21, 1951, we said that gross negligence "means nothing more nor less than great negligence." See *Turner v. McCready et al,* 190 Or. 28, 222 P. (2d) 1010.

■ To determine whether or not the court erred in entering such judgment, it is necessary to review the evidence to ascertain if there was substantial evidence of gross negligence to warrant a submission of this issue to the jury. In reviewing the evidence, we must consider the same in the light most favorable to plaintiff.

In order to avoid prolixity, we will narrate the evidence and draw all reasonable inference deducible therefrom. The accident happened on the Salem-Independence road in Polk county on February 1, 1948, shortly after 1:00 a. m. Plaintiff Weber and his deceased wife were occupants of the rear seat in the automobile which defendant's decedent, Thomas Drake, was driving. In the front seat with Thomas Drake was

his wife. All parties were killed in the accident except Mr. Weber.

The parties had proceeded earlier in the evening to Independence to attend a dance, and on the way home, while leaving the northerly city limits of Independence, a distance of some five miles from the scene of the accident, a police officer gave chase for several miles in an effort to overtake the Drake automobile. He testified that, although he was himself driving at 80 miles per hour, he was unable to apprehend the driver of said car. The weather conditions were "foul:" "slushy," "icy," "slick and cold," "with flurries of snow or rain." The highway over which the driver was traveling was black-top pavement, smooth and slick when wet, and straight, with a gradual descent. The car passed over a bridge which was from 375 to 400 feet distant from the scene of the accident. The surface of the pavement on the bridge shortly after the accident was so icy that it was difficult for a person to stand. At the point of the accident, there was a fill with guard rails. It was through these guard rails that the car plunged, landing in a body of water upside down. There was a tire mark 100 feet in length on the shoulder of the highway from where the car was located to where the mark disappeared on the wet pavement. A witness, whose car was passed by the Drake car traveling in the same direction immediately before the accident, testified that he saw the car go through the railing, and that at the time it passed him, it was traveling at the rate of 70 miles an hour. He said that he saw the car skid on its side before it went through the railing.

There was evidence that plaintiff's decedent, Mrs. Weber, within the hearing of the driver, Thomas Drake, on the way back from Independence to the scene of the

accident, remarked that the driving was "too fast" for her. There is further evidence that during the course of the evening Weber remonstrated with the driver of the car that he was driving too fast.

In the case of *Layman v. Heard*, 156 Or. 94, 66 P. 2d 492, we held that a driver who operates a car on which there are smooth tires at a speed of from 40 to 55 miles per hour over a highway where there are occasional stretches of ice is guilty of gross negligence.

In the case of *Melcher v. Adams*, 174 Or. 75, 146 P. 2d 354, we held that there was substantial evidence of gross negligence where the driver was driving his car at the rate of 35 or 40 miles an hour over icy patches on the pavement over the remonstrance of plaintiff. From six to eight miles from the accident, the car had skidded on the ice. At the place of the accident, the ice covered the pavement for a distance of about 100 feet.

In the present case, there was far more evidence of gross negligence than was found in the above cases. The judgment is reversed with instructions to reinstate the judgment based on the verdict which was rendered on the 20th day of May, 1949, to bear interest at the rate of six per cent per annum from said date until paid. See the opinion of Chief Justice BRAND in the case of *Gow v. Multnomah Hotel, Inc., et al.* 191 Or. 45.